FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

NOV 1 0 2005

LUTHER D. THOMAS, Clerk
By:
          Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAWTELL PARTNERS, LLC,          :

    Plaintiff,                  :          CIVIL ACTION

v.                              :          1:03-cv-3637-MHS

ADMIRAL INSURANCE COMPANY,      :

    Defendant,                  :

v.                              :

VISY RECYCLING, INC.,           :

    Third-Party Defendant.      :

## ORDER

This matter is before the Court on defendant's motion for summary judgment. For the following reasons, the Court grants in part and denies in part the motion.

## Background

On May 22, 2001, Admiral Insurance Company ("Admiral") issued an insurance policy ("the policy") to Joby Properties LLC ("Joby"), the predecessor in interest to plaintiff Sawtell Partners, LLC ("Sawtell"). This policy covered a building located at 315 McDonough Boulevard, Atlanta, Georgia in Fulton County ("the property"). The policy required Joby to

maintain certain protective safeguards, specifically an automatic sprinkler system.

Joby leased the property to third-party defendant Visy Recycling, Inc. ("Visy") on October 10, 2000. Visy used the property to store cardboard. Pursuant to the lease agreement, Visy provided Joby with an insurance certificate listing Joby as an additional loss payee. The lease agreement also informed Visy that the automatic sprinkler system did not function.

On October 30, 2001, the property was consumed by fire. Although the property was equipped with an automatic sprinkler system, it did not function on October 30, 2001. Following the fire, Joby transferred all its rights to any insurance proceeds to Sawtell. Sawtell subsequently filed an insurance claim with Admiral to cover the losses to the property resulting from the fire. On August 26, 2003, Admiral denied the claim.

Sawtell then brought suit in the State Court of Fulton County, seeking damages for breach of contract as well as bad faith damages pursuant to O.C.G.A. § 33-4-6. Admiral removed to this Court. Admiral then filed a third-party complaint against Visy.

Admiral has now moved for summary judgment as to all of Sawtell's claims on the following grounds: 1) there is no coverage for Sawtell's loss because Joby knew that the automatic sprinkler system was not operational and failed to maintain the automatic sprinkler system; 2) the policy is void because of Joby's material misrepresentation with regard to the operational status of its sprinkler system; 3) Joby violated the policy by transferring its rights to Sawtell without the written consent of Admiral; and 4) Admiral did not refuse to pay Sawtell's claim in bad faith, and thus Sawtell's claim for bad faith penalties pursuant to O.C.G.A. § 33-4-6 is without merit.

Summary Judgment Standard

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is "no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." Id. at 325. At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. Id. at 324.

The Court, however, must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988). Moreover, because the summary judgment standard mirrors that required for judgment as a matter of law, summary judgment is not appropriate unless "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (citation omitted).

Discussion

Admiral first argues that it is entitled to summary judgment because Sawtell's fire losses are not covered by the policy. The policy contained a Protective Safeguard Endorsement which required Joby to maintain certain protective safeguards, specifically an automatic sprinkler system. The policy further provided that Admiral would not cover losses resulting from fire if, prior to the fire, Joby 1) knew of a suspension or impairment of the automatic sprinkler system or 2) failed to maintain the automatic sprinkler system.

Admiral claims that Sawtell's fire losses are not covered by the policy because Joby knew that the automatic sprinkler system was not operational and failed to maintain the automatic sprinkler system as required by the

Protective Safeguard Endorsement. To support its position, Admiral refers the Court to the deposition of Jeff Kibler, a representative of Visy, who leased the property from Joby on Visy's behalf. The lease agreement specifically indicated that the sprinkler system was not operational, and Mr. Kibler testified that he understood the lease agreement to mean that the sprinkler system was in fact not operational.

Sawtell maintains that the sprinkler system was operational and that Joby did in fact supervise the system as required by the Protective Safeguard Endorsement. Tom Hamil, Joby's representative, testified that the provision of the lease agreement with Visy that indicated the sprinkler system was not operational was simply a means of clearly establishing that Joby would not be responsible for any fire losses sustained by Visy. Further, Sawtell presents the depositions of Jimmy White and Lalon Crumley as evidence that the sprinkler system was operational and was being monitored. Jimmy White, a repair man, testified that he repaired the sprinkler system in late August or early September of 2001 and certified that it was operational at that time. Lalon Crumley testified that he monitored Joby's fire alarm system and sprinkler system, and that he checked the sprinkler system three to four weeks prior to the fire during which time it was operational.

5

Construing the evidence and all inferences drawn from the evidence in the light most favorable to Sawtell, the Court concludes that there is a genuine issue of material fact as to whether Joby knew of any suspension or impairment of the sprinkler system and whether Joby failed to supervise or maintain the system as required by the Protective Safeguard Endorsement.

Admiral's second argument is that the policy is voided by a material misrepresentation perpetrated by Joby during the course of the claim investigation. The policy provides that it is voided if the insured misrepresents a material fact concerning a claim under the policy.

Admiral contends that the policy is void because Mr. Hamil, Joby's representative, made a material misrepresentation with respect to this claim. Admiral argues that Mr. Hamil was aware that the sprinkler system was not operational as evidenced by the lease agreement he entered into with Visy, which plainly stated that the sprinkler system was not operational. Admiral also presents the deposition testimony of Brian O'Connor, a claims investigator for Admiral, who testified that Mr. Hamil admitted to him that he was aware that the sprinkler system was not functioning. Admiral further

6

asserts that Mr. Hamil admitted in his deposition that he had such a conversation with Mr. O'Connor. Mr. Hamil later repeatedly represented and testified in his deposition that he had no knowledge of whether the sprinkler system was operational. Admiral thus contends that Mr. Hamil's deposition testimony and the lease agreement he entered into with Visy contradict his later repeated assertions that he had no knowledge of whether the sprinkler system was functioning, such that he made a material misrepresentation and thereby voided the policy.

Sawtell contends that Admiral misconstrues Mr. Hamil's testimony. When asked whether or not he recalled having a conversation with Mr. O'Connor, Mr. Hamil stated in his deposition that he did not recall it but would not dispute Mr. O'Connor's testimony that it occurred. Sawtell contends that Mr. Hamil never admitted that he knew the sprinkler system was not operational. Sawtell further argues that Joby included the provision stating that the sprinkler system was not operational in the lease agreement with Visy in order to avoid liability for any fire losses sustained by Visy.

"Under a misrepresentation clause, a willful and intentional misrepresentation of material facts . . . will void the [insurance] contract."

7

Perry v. State Farm Fire & Casualty Co., 734 F.2d 1441, 1443 (11th Cir. 1984) quoting American Alliance Insurance Co. v. Pyle, 62 Ga. App. 156 (1940). Construing the evidence in Sawtell's favor, there is a genuine issue of material fact as to whether Mr. Hamil made a material misrepresentation.

Admiral's third argument is that Sawtell is not entitled to coverage under the policy because Joby violated the policy by failing to notify and obtain written consent from Admiral before transferring rights to Sawtell. The policy reads in pertinent part: "[the insured's] rights and duties under this policy may not be transferred without . . . [the insurer's] written consent . . ." Def.'s Statement of Material Facts, Ex. 3 at 5. Sawtell argues that under Georgia law Joby was not required to obtain Admiral's written consent because the transfer of rights to Sawtell took place after the loss had already occurred.

Georgia law allows an insured to transfer the rights under a policy after a loss has occurred without the written consent of the insurer even if the terms of the policy prohibit any transfer of rights without the insurer's written consent. Georgia courts have long held that: "'[A] condition in a policy of . . . insurance prohibiting an assignment or transfer of the same after loss,

without the consent of the insurer, is null and void . . .'" <u>Santiago v. Safeway Ins. Co.</u>, 196 Ga. App. 480, 481 (1990) quoting <u>Georgia Co-Op. Fire Assn. v. Borchardt & Co.</u>, 123 Ga. 181, 183-184 (1905).

The fire loss occurred on October 30, 2001, and Joby assigned its rights under the policy to Sawtell after the loss on March 26, 2002. The provision of the policy requiring Admiral's written consent prior to assignment is null and void. <u>Santiago</u>, 196 Ga. App. at 481. Therefore, Admiral is not entitled to summary judgment on the grounds that Joby transferred its rights under the policy to Sawtell without the written consent of Admiral.

Moreover, Admiral's reliance upon <u>Dillard v. Allstate Ins. Co.</u> is misplaced. 145 Ga. App. 755 (1978). <u>Dillard</u> addresses an insured's failure to provide written notice of the insurance claim as soon as practicable and bears no relation to the assignment of rights under an insurance policy. 145 Ga. App. 755. It is undisputed that Admiral sent Joby an acknowledgment that the claim had been received on November 8, 2001, a mere ten days following the fire. Therefore, any claim made by Admiral that summary judgment should be granted due to Joby's failure to provide written notice of the insurance claim as soon as practicable is without merit.

Finally, Admiral contends that it is entitled to summary judgment with respect to Sawtell's claim for bad faith penalties under O.C.G.A. § 33-4-6. Section 33-4-6 subjects an insurer to certain penalties if that insurer refuses to pay a claim in bad faith within sixty days of an insured's demand for payment. Admiral argues that it is not liable to Sawtell for bad faith penalties because Sawtell made no proper demand for payment and there was no bad faith on the part of Admiral. Sawtell argues that it did make a proper demand and that Admiral refused to pay the policy's premium in bad faith.

The Court finds that Sawtell is not entitled to bad faith penalties. First, Sawtell made a proper demand. Second, bad faith penalties are not authorized where an insurance company has any reasonable ground to contest the claim and there is a disputed question of fact. Rice v. State Farm Fire & Gas Co., 208 Ga. App. 166, 169-170 (1993); Massachusetts Bay Ins. Co. v. Hall, 196 Ga. App. 349, 355 (1990). Here, Admiral had reasonable grounds to contest the claim. There are significant factual disputes, the resolution of which will be dispositive of liability. Therefore, as a matter of law, Admiral cannot be held liable for bad faith penalties under O.C.G.A. § 33-4-6. The

AO 72A
(Rev.8/82)

Court therefore grants Admiral's motion for summary judgment on Sawtell's claim for bad faith penalties.

Summary

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Admiral's motion for summary judgment [#25].

IT IS SO ORDERED, this 10 day of November, 2005.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)