UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAWTELL PARTNERS, LLC,          :

    Plaintiff,                  :

v.                              :

ADMIRAL INSURANCE               :       CIVIL ACTION NO.
COMPANY,
                                :       1:03-CV-3637-MHS
    Defendant,
                                :
v.
                                :
VISY RECYCLING, INC.,
                                :
    Third-Party Defendant.
                                :

## ORDER

Presently before the Court is defendant Admiral Insurance Company's motion for reconsideration. For the reasons set forth below, the Court denies defendant's motion.

Background

Joby Properties, LLC ("Joby") owned property at 315 McDonough Boulevard, Atlanta, Georgia ("the property"). On October 10, 2000, Joby leased

an outside storage area at the property to Visy Recycling, Inc. ("Visy") for the storage of cardboard.

American Guarantee and Liability Insurance Company, d/b/a Zurich ("Zurich") issued Visy an insurance policy ("Zurich policy") for the period December 30, 2000, to December 31, 2001. Pursuant to the lease agreement between Joby and Visy, Visy provided Joby with an insurance certificate for the property naming Joby as an additional loss payee under the Zurich Policy.

On May 22, 2001, Admiral Insurance Company ("Admiral") issued Joby a Property Insurance Policy ("Admiral policy") which provided insurance coverage for "direct physical loss" or "damage" to a building located at the property for the period from May 22, 2001, through May 22, 2002.

On October 30, 2001, a fire occurred at the west side of the McDonough Boulevard building on the property in an outside area where Visy stored its cardboard. The Atlanta Fire Department responded to the fire and determined that the point of origin of the fire was in the center of two fifteen foot high stacks of cardboard under a metal overhang in the outside yard. After a follow-up

2

investigation, the Atlanta Fire Department concluded that the most probable cause of the fire was that people who had been using the cardboard stacks as shelter may have been smoking or using the cardboard to make a fire to keep warm.

On March 26, 2002, Joby conveyed to Sawtell Partners, LLC, ("Sawtell") the property and all rights to insurance proceeds. On August 2, 2002, Joby assigned its rights to Sawtell pursuant to the lease agreement with Visy.

On October 29, 2003, Sawtell sued Admiral in the State Court of Fulton County for breach of the insurance contract and for bad faith damages against an insurer. On November 26, 2003, Admiral removed the case to this Court. Admiral then filed a third-party complaint against Visy in this Court on December 10, 2003, alleging breach of certificate of insurance and/or additional coverage claim and joint liability. Sawtell sought insurance proceeds from Admiral under the Admiral policy. Should Admiral be required to pay any judgment to Sawtell, Admiral sought indemnity and contribution from Visy.

Discussion

In its third-party complaint filed against Visy, Admiral set forth two counts against Visy: (I) Count I for Breach of Certificate of Insurance and/or Additional Coverage Claim and (II) Count II for Joint Liability. Admiral sought contribution and/or indemnity as well as attorneys' fees and interest. Visy moved for summary judgment against Admiral on both counts. On March 28, 2006, the Court inter alia granted Visy's motion for summary judgment against Admiral on all claims.

Admiral has now filed a motion for reconsideration of the Court's Order which is pending before the Court. Admiral moves for reconsideration of two issues: (1) whether Visy spoiled the evidence by prematurely demolishing and removing all debris from the fire site and (2) whether Visy was negligent for failing to maintain and/or repair the sprinkler system.

With regard to the spoliation issue, in its motion for reconsideration, Admiral claims that the origin of the fire is undisputed as being within the stacks of cardboard. Admiral argues that the true cause of the fire cannot be determined because Visy spoiled the evidence by removing and demolishing debris.

Therefore, Admiral contends that the Court should not allow Visy to claim that there is no evidence as to the true cause of the fire.

Under Count I, breach of certificate of insurance and/or additional coverage claim, Admiral alleged the following: "Moreover, VISY's premature demolition and removal of all debris from the fire site spoilated the evidence and violated the terms of both the lease and thus contributed to a violation of the Admiral Insurance Policy by Joby and/or its successor in interest, Plaintiff Sawtell [generally sic]." Admiral's Third-Party Compl. at ¶ 16.

Contrary to Admiral's arguments in its motion for reconsideration, Admiral's claim for spoliation was neither part of Admiral's claim for joint-liability (negligence) nor a separate claim for spoliation of the evidence. Instead, Admiral alleged in the third-party complaint that spoliation was a theory for finding that Visy had breached the terms of the lease agreement.

Admiral abandoned its argument about Visy's spoliation. The Court does not bear the burden to distill every potential argument that could be made by the parties. Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.

5

1995). Instead, the district court judge depends upon counsel to apprise him of the issues for decision, and the judge is not obligated to conduct a search for other issues which may be lurking in the pleadings. Erff v. Markhon Indus., Inc., 781 F.2d 613, 618 (7th Cir. 1986). The "onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Resolution Trust Corp., 43 F.3d at 599. Admiral did not address its theory of spoliation in responding to Visy's motion for summary judgment, and Admiral has only addressed the issue of spoliation in the third-party complaint. Therefore, the Court properly treated the matter of Visy's alleged spoliation as abandoned.[1] See Sierra Club v. Georgia Power Co., 365 F. Supp. 2d 1287, 1293 (N.D. Ga. 2004) (finding that the plaintiffs had abandoned a claim because the plaintiffs did not address this issue in their opposition to the defendant's motion for summary judgment even though the plaintiffs had alleged this claim in their complaint); see also United States v. Kafleur, 168 Fed. Appx. 322, 327 (11th Cir. 2006).

---

[1] Moreover, the Court held that Admiral had no standing to sue on the lease agreement. Thus, even if the Court were to consider Admiral's argument that Visy's premature demolition and removal of all debris spoiled the evidence and violated the terms of the lease, the issue is moot.

6

Moreover, in support of its spoliation theory in its motion for reconsideration, Admiral attempts to quote from its response to Visy's statement of disputed material facts. In this extensive quote, Admiral refers to the final paragraph of item No. 51 and to item No. 2 under Section E. However, neither the final paragraph of item No. 51 nor item No. 2 is part of Admiral's corrected version or original response to Visy's statement of disputed material facts. Admiral argues its spoliation theory for the first time in its motion for reconsideration. This is wholly impermissible. See Worsham v. Provident Co., Inc., 249 F. Supp. 2d 1325, 1338 (N.D. Ga. 2002); Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

Regarding Admiral's second ground for its motion for reconsideration, Admiral argues that the Court has failed to discuss its additional claim that Visy was also negligent for failing to maintain and/or repair the sprinkler system and the issue of the fire hydrant damage caused by Visy. Admiral contends that Visy damaged the fire hydrant and cut off water to the entire sprinkler system thereby exacerbating the damages from the fire.

Case 1:03-cv-03637-MHS Document 67 Filed 06/08/06 Page 8 of 13

In the third-party complaint under Count II, Admiral alleged that due to Visy's negligent failure to maintain and/or repair the sprinkler system, the fire was not put out as quickly and the sprinkler system did not activate in the area of the fire. Therefore, Admiral alleged that the fire was more substantial and destructive than it would have been otherwise.

Visy stated in its motion for summary judgment that Admiral contended that Visy was negligent for failing to keep the sprinkler system in operational condition. However, in its response brief, not once did Admiral respond to this claim or argue that Visy was negligent for failing to maintain and/or repair the sprinkler system. In addition, Admiral never even mentioned the fire hydrant or any damage to it in its response brief. Thus, under these circumstances this would constitute Admiral's abandonment of this theory of negligence. See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994); see also Resolution Trust Corp., 43 F.3d at 599-600.

However, Admiral did mention the facts surrounding the fire hydrant in its response to Visy's statement of disputed material facts. In responding to a motion for summary judgment, the non-moving party is required to "go beyond the

pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "[T]he requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element material to that party's case so as to create a genuine issue for trial. It was Admiral's burden to go beyond the pleadings and come forward with specific evidence of *material* facts to support its claim of negligence. Admiral made the strategic decision to leave the facts related to the fire hydrant and to the issue of negligently maintaining the sprinkler system in its statement of undisputed material facts instead of arguing them anywhere in its response brief. In light of this, the Court now finds it hard to accept Admiral's argument in its motion for reconsideration that these facts/issues were so material, or essential, to Admiral's claim of negligence such as to constitute a clear error in the Court's ruling. Admiral failed to meet its burden, and accordingly the Court granted Visy's motion for summary judgment on the negligence claim.

Furthermore, Admiral attempts to quote from its statement of disputed material facts but instead repeatedly makes *new* arguments and argues *new* facts not contained in Admiral's original or corrected statement. See Admiral's Mot. for Recons. at ¶¶ 15, 37, 39, and 44. Admiral is making arguments now that could and should have been made before the Court issued its judgment, and Admiral has given no explanation as to why it failed to raise these arguments earlier in the litigation. Again, this is wholly impermissible on a motion for reconsideration. See O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Worsham, 249 F. Supp. 2d at 1338.

Admiral contends that the Court's ruling appears inconsistent and in direct conflict with the Court's earlier denial of Admiral's motion for summary judgment against Joby/Sawtell. In this earlier ruling, the Court held that a genuine issue of material fact existed as to whether Joby/Sawtell knew of any suspension or impairment of the sprinkler system and whether Joby/Sawtell failed to supervise or maintain the system *as required by the Protective Safeguard Endorsement in the Admiral insurance policy*. This liability for failing to supervise or maintain the sprinkler system derives from an insurance policy between Admiral and Joby/Sawtell. However, any duty that Visy had to maintain and/or repair the

sprinkler system is not derived from the insurance policy because Visy was not a party or intended as a third-party beneficiary to the insurance policy. Therefore, any duty that Visy had to maintain the sprinkler system is wholly separate from Joby/Sawtell's duty in the insurance policy, and the rulings are not in conflict.

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), ND Ga. The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could

11

have done it better" the first time. <u>Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs.</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u> 97 F.3d 1242 (11th Cir. 1996).

Moreover, a motion for reconsideration should not be used to "raise arguments which could, and should, have been made before the judgment was issued." <u>O'Neal</u>, 958 F.2d at 1047. A party should also not use such a motion to raise arguments that were available but not advanced or pressed prior to the entry of judgment or to overcome one's failure to litigate matters fully. <u>See</u> <u>Stone v. Wall</u>, 135 F.3d 1438, 1442 (11th Cir. 1992); <u>In re McDaniel</u>, 217 B.R. 348, 350-51 (Bankr. N.G. Ga. 1998).

Admiral has failed to cite to any newly discovered evidence, a change in controlling law, or the need to correct a clear error of law or fact. Instead, Admiral has made new arguments that were available at the time it responded to Visy's motion for summary judgment. Accordingly, the Court denies Admiral's motion for reconsideration.

Conclusion

For the foregoing reasons, the Court DENIES Admiral's motion for reconsideration [#64].

On April 27, 2006, the Court granted the parties an extension to file their proposed consolidated pretrial order until the Court ruled on Admiral's motion for reconsideration. The Court having now ruled on this motion, discovery being closed, and no motions pending before the Court, the Court instructs the parties to file their proposed consolidated pretrial order no later than thirty (30) days from the date of entry of this order and in accordance with LR 16.4, ND Ga.

IT IS SO ORDERED, this ___ day of June, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)